OFFICIAL LOCAL FORM 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | 10/31/15 | Docket #: | 15-14249 |
| Debtor: | Ildoberto Teixeira | Co-Debtor: | |
| SS#: | xxx-xx-6841 | SS#: | |
| Address: | 317 Bainbridge Street<br>Malden, MA 02148 | Address: | 317 Bainbridge Street<br>Malden, MA 02148 |

| | |
|---|---|
| Debtor's Counsel: | Brian R. Lewis 641100 |
| Address: | PO Box 1162<br>Lakeville, MA 02347 |
| Telephone #: | (508) 946-3323 |
| Facsimile #: | (508) 946-5051 |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

THIS IS A "PURE POT PLAN" WHEREBY UNSECURED CREDITORS WILL RECEIVE A PRO-RATA PERCENTAGE OF THEIR CLAIM(S) BASED ON THE AMOUNT OF CLAIMS FILED AND ALLOWED BY THE COURT. THE AMOUNT IN THE "POT" IS $9,791.25. THEREFORE THE ESTIMATED DIVIDEND TO UNSECURED CREDITORS IS 15%.

# OFFICIAL LOCAL FORM 3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

## PRE-CONFIRMATION CHAPTER 13 PLAN

CHAPTER 13 POT PLAN

Docket No.: **15-14249**

DEBTOR(S):   (H)  **Ildoberto Teixeira**              SS#  **xxx-xx-6841**

             (W)  _____                    SS#  _____

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **1,020.00** for the term of:

☐ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

☒ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

**Due to the large amount of pre-petition arrearage and tax debt, a shorter term would not sufficiently satisfy the   ;or creditors' claims. Increasing the Debtor's monthly plan payment would impose a hardship on the Debtor and his family.**

☐ ____ Months. The Debtor states as reasons therefore:

_____

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Seterus, Inc. | **Pre-petition arrears for 317 Bainbridge Street Malden, MA 02148** | $ 9,901.29 |

Total of secured claims to be paid through the Plan  $    9,901.29

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **City of Malden** | **Real Estate Taxes and Municipal Charges** |
| **Seterus, Inc.** | **Mortgage for 317 Bainbridge Street Malden, MA 02148** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** | | |

D. Leases:

    i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of
       **-NONE-**
       ; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of
       **-NONE-**

    iii. The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** |  | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Internal Revenue Service** |  | $ **31,126.56** |
| **Massachusetts Department of Revenue** |  | $ **2,760.90** |

Total of Priority Claims to Be Paid Through the Plan $ **33,887.46**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ **1,500.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** |  | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The amount in the "Pot" is **$9,791.25**. Therefore the General Unsecured creditors may receive an estimated dividend of **15** % of their allowed claims.

A. General unsecured claims: $ **66,409.28**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** |  | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** |  | $ |

Total of Unsecured Claims (A + B + C): $ **66,409.28**

D. Total money available for unsecured creditors is:  $ **9,791.25**

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | | Amount of claim |
|---|---|---|---|
| **-NONE-** | | $ | |

Total amount of separately classified claims payable at ____%     $                    **0.00**

## VI. OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous provisions:

1. This is "Pure Pot Plan" whereby unsecured creditors will receive a pro-rata percentage of their claim(s) based on the amount of claims filed and allowed by the Court. The amount in the "Pot" is $9,791.25. Therefore the estimated dividend to unsecured creditors is 15%. In order to receive a distribution under the Plan, a proof of claim must be timely filed.

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| A) Secured claims (Section I-A Total): | $ | 9,901.29 |
| B) Priority claims (Section II-A&B Total): | $ | 33,887.46 |
| C) Administrative claims (Section III-A&B Total): | $ | 1,500.00 |
| D) Regular unsecured claims (Section IV-D Total):+ | $ | 9,791.25 |
| E) Separately classified unsecured claims: | $ | 0.00 |
| F) Total of a + b + c + d + e above: | =$ | 55,080.00 |
| G) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | 61,200.00 |

(This represents the total amount to be paid into the Chapter 13 plan)

H. Divide (G), Cost of Plan, by Term of Plan,         **60** months
I. Round up to nearest dollar for Monthly Plan Payment:         $  **1,020.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **A single family home** **Location: 317 Bainbridge Street, Malden MA 02148** **Value from Zillow.com** | $  370,140.00 | $  257,816.44 |

| | | |
|---|---|---|
| Total Net Equity for Real Property: | $ | 112,323.56 |
| Less Exemptions (Schedule C): | $ | 112,323.56 |
| Available Chapter 7: | $ | 0.00 |

B. Automobile (Describe year, make and model):

**A 1999 GMC Jimmy with 170,000 miles**
**Value from KBB.com**  Value $ 1,056.00  Lien $ 0.00  Exemption $ 1,056.00

| | |
|---|---|
| Total Net Equity: | $ 1,056.00 |
| Less Exemptions (Schedule C): | $ 1,056.00 |
| Available Chapter 7: | $ 0.00 |

C. All other Assets (All remaining items on Schedule B): (Itemize as necessary)
**A joint checking account with Debtors non-filing spouse ending in 229-6 at Citizens Bank**

**Full value of account $1,000.00**
**A savings account ending in 8309 at East Cambridge Savings Bank**
**Various household goods and furnishings including living room, bedroom and kitchen furnishings and applinaces, a tv and a computer**
**Personal clothing**
**A life insurance policy with New York Life Insurance and Annuity Corporation**
**Cash surrender value:**
**Debtor, Ildoberto Teixeira, is owed three more payments of $4,800.00 annually for the loss of a franchise. Debtor will receive in the month of December for the next three years**
**A one week time share at Diamond Resorts, 10600 W. Charleston Blvd. Las Vegas, NV 89135. Owned jointly with Debtors non-filing spouse**
**Full value $1,000.00**

| | |
|---|---|
| Total Net Value: | $ 34,459.72 |
| Less Exemptions (Schedule C): | $ 24,859.72 |
| Available Chapter 7: | $ 9,600.00 |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ 9,600.00

E. Additional Comments regarding Liquidation Analysis:


## IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Brian R. Lewis**  **November 23, 2015**
**Brian R. Lewis 641100**  Date
Debtor's Attorney
Attorney's Address: **PO Box 1162**
**Lakeville, MA 02347**
Tel. #: **(508) 946-3323 Fax:(508) 946-5051**
Email Address: **brian@BrianRLewis.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date **November 23, 2015**  Signature **/s/ Ildoberto Teixeira**
 **Ildoberto Teixeira**
 Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE: )
)
Ildoberto Teixeira, ) Chapter 13
) Case No.: 15-14249-MSH
Debtor )
)

## CERTIFICATE OF SERVICE

I, Brian R. Lewis, Esquire, state that on November 23, 2015 I electronically filed the foregoing Chapter 13 Pot Plan with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Office of the US Trustee
Carolyn Bankowski, Trustee

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

Asset Recovery Solutions, LLC
2200 E. Devon Ave.
Suite 200
Des Plaines, IL 60018

Capital One
Attn: Bankruptcy Department
P.O. Box 30285
Salt Lake City, UT 84130

Citibank Credit Services
Bankruptcy Dept.
P.O. Box 790034
Saint Louis, MO 63179

Citibank Credit Services/THD
Bankruptcy Dept.
P.O. Box 790034
Saint Louis, MO 63179

City of Malden
200 Pleasant Street
Room 317
Malden, MA 02148

Client Services Inc.
3451 Harry Truman Blvd.
Saint Charles, MO 63301

CPCU Credit Union
Card Center
P.O. Box 495933
Cincinnati, OH 45249

Gentle Dental Associates, LLC
Gentle Dental of Malden
225 Centre Street
Malden, MA 02148

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Massachusetts Department of Revenue
Bankruptcy Unit
PO Box 9564
Boston, MA 02114

Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060

Midland Funding, LLC
8875 Aero Drive Suite 200
San Diego, CA 92123

Orisa Maria Teixeira
317 Bainbridge Street
Malden, MA 02148

Portfolio Recovery Associates, LLC
PO Box 41067
Norfolk, VA 23541

Rebello Funeral Home, Inc.
901 Broadway
East Providence, RI 02914

Seterus, Inc.
Attn: Bankruptcy Department
P.O. Box 2206
Grand Rapids, MI 49501

Syncb/Lowe's
Attn: Bankruptcy Department
P.O. Box 965060
Orlando, FL 32896

United Consumer Financial Services
865 Bassett Rd
Westlake, OH 44145

Ildoberto Teixeira
317 Bainbridge Street
Malden, MA 02148

/s/ Brian R. Lewis
Brian R. Lewis Esq. (BBO#641100)
Law Office of Brian R. Lewis
PO Box 1162
Lakeville, MA 02347
(508) 946-3323
brian@brianrlewis.com